UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 3:11-CR-247 (SRU) |
| | : | |
| v. | : | |
| | : | |
| MICHAEL DRZAL | : | |

**STIPULATION AND AGREEMENT**
**RE: REVOCATION OF SUPERVISED RELEASE**

The United States of America and the defendant, Michael Drzal, hereby stipulate and agree as follows with respect to the supervised release violation alleged in the Petition for Warrant or Summons for Offender Under Supervision docketed at ECF No. 64 (the "Petition"):

1. The defendant admits to the violation alleged in Charge #1 of the Petition.

2. 18 U.S.C. § 3583(k) is applicable because, at the time of the violation, the defendant was required to register under the Sex Offender Registration and Notification Act, and he engaged in conduct that constitutes a felony offense under chapter 110 of Title 18, United States Code, specifically accessing with intent to view child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The parties agree that under § 3583(k), the Court must revoke the term of supervised release and impose a term of imprisonment of not less than five years.

3. The relevant procedural history of this case is detailed in Attachment A. The defendant intends to request that the Court impose the mandatory minimum sentence to run concurrent to the sentences that Mr. Drzal is currently serving, and the United States will not object to this request. The parties agree that such a sentence would be sufficient but not greater than necessary to serve the purposes of sentencing. Mr. Drzal has been in state custody since April 25, 2019, a period of approximately nine months. The parties agree that in order to achieve concurrence with the state sentence, the Court would need to adjust the 60-month mandatory

minimum downward by 9 months, for a total of 51 months of imprisonment to be imposed concurrent to the state sentence and the federal revocation sentence. *See United States v. Rivers*, 329 F.3d 119 (2d Cir. 2003). The United States therefore agrees not to request more than 51 months of imprisonment imposed concurrent to Mr. Drzal's other sentences, and Mr. Drzal agrees not to request a sentence of less than 51 months of imprisonment imposed concurrent to Mr. Drzal's other sentences.

4.  The defendant understands that under *United States v. Haymond*, 139 S. Ct. 2369 (2019), he may have a right to have a jury determine beyond a reasonable doubt whether he committed the violation of supervised release that subjects him to the penalties in 18 U.S.C. § 3583(k), namely, a term of imprisonment of not less than five years. The defendant understands that by admitting to the violation, he is waiving the right to have a jury find the violation beyond a reasonable doubt. The defendant also specifically waives any claim that § 3583(k) is constitutionally unenforceable in these circumstances, *e.g.*, pursuant to *Haymond*. The defendant further agrees that if he is granted judicial relief on the ground that § 3583(k) is unenforceable or the revocation term was unlawfully imposed, the United States will be entitled to charge him with the substantive offense that was the predicate for that term, notwithstanding any statute of limitations, and the United States may use this stipulation and agreement or his admissions in the revocation hearing as evidence in a trial on that charge.

5.  The defendant agrees not to appeal or collaterally attack the revocation of his supervised release in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. Nor will he pursue such an appeal or collateral attack to challenge the sentence imposed by the Court if that sentence does not exceed 51 months of imprisonment imposed concurrent to the state and federal sentences, and a ten-year term of supervised release.

6. The United States agrees not to charge the defendant with a substantive offense based on the conduct underlying the violation, except as provided in this stipulation and agreement.

I, Michael Drzal, certify that I have read this stipulation and agreement, that I have had ample time to discuss it with counsel, and that I fully understands and accepts its terms.

_____       _1/27/20_____
MICHAEL DRZAL                                              Date
The Defendant

I have thoroughly read, reviewed and explained this stipulation and agreement to my client who advises me that he understands and accepts its terms.

_____       _1/27/20_____
CARLY LEVENSON, ESQ.                                Date
Attorney for the Defendant

I have read this stipulation and agreement, and, on behalf of the United States, I agree to its terms.

_____       _1/27/2020_____
NEERAJ N. PATEL                                             Date
ASSISTANT U.S. ATTORNEY

ATTACHMENT A

The relevant procedural history of this case is as follows:

- On December 20, 2011, the defendant waived indictment and pleaded guilty to a one-count information charging him with receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2). On July 12, 2012, the Court sentenced the defendant to 18 months of imprisonment, followed by 10 years of supervised release.

- On or about December 4, 2013, the defendant was released from prison and commenced his term of supervised release.

- On February 28, 2019, the defendant pleaded guilty in Connecticut Superior Court to one count of risk of injury to a minor, in violation of Conn. Gen. Stat. 53-21(a)(1). His sentencing was scheduled for April 25, 2019.

- On April 18, 2019, this Court held a revocation hearing, in light of the defendant's plea in Connecticut Superior Court. At the revocation hearing, the defendant admitted he was guilty of violating Mandatory Condition #1 of his supervised release because he committed a state offense. The Court revoked the defendant's term of supervised release and sentenced him to 6 months of imprisonment followed by 10 years of supervised release. The Court did not immediately remand the defendant to custody following his revocation hearing, given the Court's intention (as stated at the hearing) for the defendant to serve the federal sentence in state custody.

- On April 24, 2019, the defendant was arrested for violating a condition of his supervised release, as described in the Petition for Warrant or Summons for Offender Under Supervision, ECF No. 64.

- On April 25, 2019, the defendant was sentenced in Connecticut Superior Court on his prior February 28 conviction for risk of injury. He was sentenced to 10 years in jail, with execution suspended after 2 years, followed by 5 years of probation. He has been serving this sentence in the Connecticut Department of Corrections since April 25, 2019.